## Petrie *v.* Phenix Ins. Co.

*(Supreme Court, General Term, Second Department.  July 18, 1890.)*

**1.** Marine Insurance—Harbor Risks.
  In the proposal for an open policy of insurance under the headings "From" and "To," intended to indicate the starting-point and destination of the insured cargo, was written "New York Harbor." The evidence in an action on the policy showed that the cargo was to be carried from Brooklyn city to Tarrytown, but it did not appear exactly what was included in the term "New York Harbor." *Held,* that a loss at Tarrytown was within the policy.

**2.** Same—Place of Delivery.
  It is not necessary to the validity of a policy of marine insurance on a cargo that a definite place of delivery of the cargo should be specified.

Appeal from circuit court, Kings county.

Action by Jerry Petrie against the Phenix Insurance Company of Brooklyn to recover for the loss of a cargo of cement, underwritten by defendant through an open policy of marine insurance with book attached. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.

Argued before Barnard, P. J., and Dykman and Pratt, JJ.

*Carpenter & Mosher,* (*Joseph F. Mosher,* of counsel,) for appellant. *Edwin G. Davis,* for respondent.

Barnard, P. J.  The plaintiff held an open policy of insurance with the defendant company. The defendant, with the policy, gave a book as part of it. This book was to contain the risks proposed and taken. The insured wrote the name of the insured, the name of the vessel, and where from and where to the risk was to continue, the cargo, and the amount of insurance. The open policy was of no force until the proposal was assented to and approved by the company and its agents. The present case shows two indefinite entries, out of which this action grew.  The proposal, instead of stating that the boat insured was to go from Brooklyn city to Tarrytown, which would have been the correct statement under the facts proven, contained an entry under the heading "From," which would indicate the starting-point, and "To," which would indicate the place of delivery of cargo. This was written under both words: "New York Harbor." What did the proposal mean? It seems plain that the words "New York Harbor" should be written as the place of starting and the place of delivery. When the book was returned, the approval was expressed in the one word "harbor," written under the heading printed "Signature of Approval." It was a disputed question whether this entry signified an approval. The agent who made it said that it did not. The insured and his clerk say that it was the usual way in which approval was signified by the agent. The jury have found in favor of the plaintiff. It was also a question whether, assuming that the contract was from one point in the harbor of New York to another in the same harbor, the loss at Tarrytown was within the insured limit. The evidence fails to show any exact, or even approximate, certainty as to what was included in the term "New York Harbor." Proof was given tending to show that the harbor did not go beyond the northern limits of New York. Considering the point of dispute to be, whether the risk was a canal or harbor risk, it is not difficult to place Tarrytown as within the harbor of New York, within the meaning of that term as between these parties. It was proper to prove by expert witnesses what "New York Harbor" in a policy would indicate to an insurer. *Nelson* v. *Insurance Co.,* 71 N. Y. 453. It may be doubted whether a question calling for the opinion of an expert as to what those words would indicate to an insurer was properly rejected, but no such point is presented. The witness Baker did answer the question in another form, subsequently, to the effect that the word "harbor" would extend to the south boundary of the city of Yonkers.

There was no error in the charge that the parties could contract without a definite place of delivery of the cargo.. The case of *Chadsey* v. *Guion*, 97 N. Y. 333, only decided that a cargo of potatoes shipped and insured from New York to Yonkers, free from particular average, and partly delivered before the loss occurred, was not a total loss, and that the liability of the insurers terminated upon a partial delivery. If the insured was bound to prove the vessel seaworthy, as part of his case, the evidence is sufficient on that part to carry the case to the jury. She was proven to be seaworthy, and was sunk by a bar at Tarrytown, which was under the center of the boat, and, as the side fell, the two ends had no support, and the vessel broke, and sunk from that injury. The judgment should therefore be affirmed, with costs. All concur.